Panzardi, Recurrente, v. El Registrador de Mayagüez, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Mayagüez denegando la inscripción de un expediente posesorio.

No. 304.—Resuelto en abril 24, 1917.

Expediente Posesorio—Identidad de Fincas.—Si denegada la inscripción de un expediente posesorio de un solar, por existir duda de que fuera parte de otro inscrito y por considerar el registrador que inscribiéndolo podría quedar cancelada parcialmente aquella inscripción, resulta que la posible identidad de las fincas es demasiado remota para justificar la negativa del registrador a verificar la inscripción del expediente, que lo es sin perjuicio de tercero de mejor derecho, procede revocar la nota recurrida.

Id.—Id.—Asiento Contradictorio no Cancelado—Jurisdicción del Tribunal Supremo.—La ley sobre recursos contra las resoluciones de los registradores de la propiedad, aprobada en marzo 1, 1902, no está en oposición con el artículo 393 de la Ley Hipotecaria, y por tanto el Tribunal Supremo tiene jurisdicción para revisar una nota en que se deniega la inscripción de un expediente posesorio y considerar si el registrador procedió o no con razón derecha al denegar la inscripción ordenada, sin perjuicio de que se sigan los procedimientos establecidos por dicho artículo si procediere la confirmación de la nota, pues revocada y ordenada la inscripción huelgan tales procedimientos. Esta doctrina no se aparta de la establecida en *Lugo* v. *El Registrador de Humacao*, 22 D. P. R. 352.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José Sabater.*

El registrador recurrido, Sr. R. Tirado Verrier, no compareció.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

El recurrente presentó en el Registro de la Propiedad de Mayagüez una resolución de la corte de distrito mandando inscribir a su nombre la posesión de cierta finca, cuya descripción es la siguiente:

"Solar sito en la calle del Doctor Basora de esta ciudad, de una extensión superficial de setenta y dos metros treinta y ocho centímetros cuadrados; colinda al Norte, con solar de Don Pablo Gonce; al Sur, con casa de Doña Antonia Pino; al este, con propiedad de Doña Aurora de la Rosa, viuda de Giménez; y al Oeste, o sea a su frente, la calle del Doctor Basora, por donde mide nueve metros."

El registrador denegó la inscripción de este documento por existir la duda de que la finca a que el mismo se contrae sea parte de otra finca registrada con el número 1219 y en cuanto a un condominio de tres quintas partes al folio 29 vuelto del tomo 35 de este Ayuntamiento, inscripción 6ª., a nombre de Don Salvador Mestre y Mora; y por considerar que, inscribiendo la finca descrita en este documento podría quedar cancelada parcialmente la inscripción de aquella otra.

La finca número 1219, se describe en las inscripciones primera y subsiguientes de dicha finca, como sigue:

"Urbana.    Solar radicado en la calle de la Rosa, de esta ciudad, esquina a la de los Jardines, de veinte metros ochenta centímetros de frente por veintinueve con veintiséis de fondo, y linda por su frente Norte la calle de la Rosa, por el Sud o espalda, casa de la Sucesión de Don Fernando Lloreda, izquierda entrando, o sea Este, casa de Don Félix García de la Torre y María Petra Librán, y por el Oeste derecha, la calle de los Jardines."

En la inscripción séptima se hace constar que dicha finca colinda al este, o izquierda, con Don José Félix García de la Torre, y por la espalda con casa de Don Salvador Mestre y de la Sucesión de Doña Rosalía Lloreda.

Dicha finca se describe también de modo muy diferente en cierta nota marginal, en la siguiente forma:

"URBANA.—Solar sito en la calle de los Jardines de esta ciudad cuya descripción consta de las inscripciones anteriores, repitiéndose, no obstante, la descripción por las diferencias que se observan en el documento ahora presentado. Según éste linda al frente con la calle de los Jardines, por la izquierda entrando y por la espalda con casa y patio de la Sucesión del Doctor Mestre y de Don Fernando Lloreda y por la derecha con una casa de Doña Amalia Lassise."

El recurrente admite el hecho de que la calle que ahora se llama del Doctor Basora se conocía anteriormente por calle de los Jardines.

Consta del auto aprobatorio o resolución de la corte de que se ha hecho mención, que la finca objeto del expediente posesorio la adquirió el recurrente de Salvador Mestre Caparrós. Puede que ésta sea o no la misma casa que en parte pertenece a "Salvador Mestre," y a que se hace referencia en la séptima inscripción, *supra,* como que colinda con la propiedad número 1219 por el sur, y en la nota marginal, que es enteramente imposible entenderla por su confusión, como que linda con la misma propiedad "por la izquierda entrando y por la espalda" y que pertenece en parte "a la Sucesión del Doctor Mestre." Pero bajo ninguna de estas hipótesis puede considerarse que la finca forma parte del solar de la esquina. La finca número 1219 tiene de frente veinte metros ochenta centímetros por la calle de Basora por veinte y nueve metros veinte y seis centímetros de fondo por la calle de Rosa, mientras que la finca del recurrente tiene un frente de nueve metros por la calle de Basora, y admitiendo que sea rectangular no puede tener sino ocho metros de fondo y una fracción.

El registrador no ha presentado alegato y la única razón en que parece fundarse la duda a que se refiere su nota es la semejanza en los nombres, lo que indica cierto parentesco entre el causante del recurrente y el dueño con derecho inscrito del solar de la esquina, además del hecho de colindar ambos solares por el oeste con la calle de Basora. Pero

prescindiendo de esta sugestión del posible parentesco y de la vaga referencia que se hace en la inscripción séptima del solar de la esquina con la casa que en parte pertenece a "Salvador Mestre" como finca que colinda por el sur, no existe absolutamente nada que indique ni siquiera que los dos solares se encuentran en la misma cuadra.

Los preceptos contenidos en los apartados 1°., 2°. y 3°. del artículo 393 de la Ley Hipotecaria, reguladores del procedimiento que ha de seguirse en el caso de que apareciere en el registro algún asiento de adquisición, de dominio o de posesión no cancelado que esté en contradicción con el hecho de la posesión justificada por la información judicial, no impide que en virtud del recurso interpuesto por Panzardi contra la nota del Registrador de Mayagüez, consideremos y resolvamos si el registrador procedió o nó con razón derecha al denegar la inscripción ordenada.

La ley sobre recursos contra las resoluciones de los registradores de la propiedad, aprobada en marzo 1°., 1902, reconoce el derecho de recurrir a esta Corte Suprema contra las resoluciones del registrador siempre que éste deniegue o suspenda alguna inscripción, anotación o cancelación, y en el presente caso, con arreglo a esa ley, que no está en oposición con el artículo 393 de la Ley Hipotecaria, esta corte tiene jurisdicción para revisar la nota apelada, sin perjuicio de que se sigan los procedimientos establecidos por el artículo 393 de la Ley Hipotecaria si procediere la confirmación de la nota recurrida, pues revocada dicha nota y ordenada la inscripción huelgan tales procedimientos. Y la anterior doctrina no se aparta de nuestra resolución en el caso de *Lugo v. El Registrador de Humacao,* 22 D. P. R. 352, en la que expresamente dejamos consignado no haberse levantado cuestión alguna sobre la identidad del terreno y haberse interpuesto oportunamente por Lugo el recurso que la ley le otorgaba contra la nota del registrador. Si se hubiera levantado entonces alguna cuestión sobre la identidad del terreno,

hubiéramos, sin embargo, ejercitado nuestra discreción para determinar si fué o no correcta la nota del registrador.

En vista de las circunstancias del presente caso, opinamos que la posible identidad entre la finca cuya inscripción ha sido denegada y la otra finca inscrita en el registro es demasiado remota para justificar la negativa del registrador a verificar la inscripción del título posesorio del apelante, la cual, como cuestión legal y como expresamente se ha hecho constar en la resolución de la corte, es, por supuesto, sin perjuicio de tercero de mejor derecho, debiendo, por tanto, revocarse la nota recurrida.

*Revocada la nota recurrida y ordenada la inscripción del expediente de que se trata.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. del Toro disintió.